IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| **ULYSSES DANIELS,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| v. | : | **Criminal Action No.** |
| | : | **6:04-cr-2 (HL)** |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondent.** | : | |
| | : | |
| | : | |

## ORDER

Before the Court is a Report and Recommendation ("Recommendation") (Doc. 286), in which Magistrate Judge G. Mallon Faircloth recommends denying Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. Petitioner has filed objections to the recommendation, and the Court, pursuant to 28 U.S.C. § 636(b)(1), has throughly reviewed the portions of the Recommendation to which Petitioner objects. For reasons explained herein the Recommendation is hereby recommitted with the instructions set forth below.

On August 6, 2003, in connection with an investigation of a possible narcotics distribution network, Thomas County law enforcement officers executed a search warrant at Petitioner's residence. The officers found Petitioner in possession of quantities of both marijuana and suspected crack cocaine, and Petitioner was arrested. The suspected crack cocaine was subsequently found to be positive for cocaine.

Petitioner was charged with one count of possession of cocaine with intent to distribute and one count of possession of marijuana in the Thomas County Superior Court in connection with the illegal drugs discovered by law enforcement during the search. Petitioner entered a plea of guilty to both counts and on March 8, 2004 was sentenced to a total of ten years probation, 300 to 330 days detention, a $2,500 fine, and eighty hours of community service.

On April 29, 2004, a Federal Grand Jury returned a fourteen count indictment charging various individuals with conspiracy to possess with intent to distribute cocaine base and other related offenses. Petitioner was indicted on three separate counts in connection with the same illegal drugs seized by Thomas County law enforcement on August 6, 2003: (1) conspiracy to possess with intent to distribute more than 50 Grams of cocaine base, (2) possession of a detectable amount of cocaine, and (3) possession of marijuana. Petitioner subsequently agreed to cooperate with federal authorities and named several individuals from which he had purchased illegal drugs. Petitioner then entered a guilty plea, pursuant to a negotiated plea agreement, to one count of conspiracy to possess with intent to distribute crack cocaine. Petitioner was sentenced on January 12, 2005, apparently while still serving his state sentence on related charges, to a total term of imprisonment of 78 months.

On January 17, 2006, Petitioner filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. Petitioner filed his Motion on the standard government-issued form and asserted a single claim of ineffective assistance of counsel. Petitioner's entire argument consisted on a single statement; his "counsel failed

to have the [C]ourt award credit for Movant's prior time 'spent in official detention' relating to his f[e]deral charges."

Federal Magistrate Judge Faircloth interpreted Petitioner's brief statement as an argument that Petitioner's counsel was ineffective for failing to have the Court award Petitioner credit for time served pursuant to 18 U.S.C. § 3585(b). Magistrate Judge Faircloth correctly notes that the discretion to grant credit for time served under 18 U.S.C. § 3585(b) is vested exclusively in the Bureau of Prisons and not the sentencing court. Therefore, because the sentencing court had no discretion to award Petitioner credit for time served, Petitioner's counsel cannot be considered ineffective for failing to request the sentencing court to do so. Accordingly, Judge Faircloth recommend denying Petitioner's ineffective assistance claim.

Petitioner objects to the Recommendation and asserts that his ineffective assistance of counsel claim is based upon United States Sentencing Guideline § 5G1.3 rather than 18 U.S.C. § 3585(b). Petitioner argues that his counsel was ineffective for failing to request at sentencing that the Court adjust Petitioner's sentence in accordance with § 5G1.3(b). Therefore, assuming Petitioner could show that counsel's failure to raise § 5G1.3 was unreasonable, Petitioner could sustain a claim of ineffective assistance of counsel provided the application of § 5G1.3(b) would result in a lesser sentence. Because Petitioner recently clarified that his ineffective assistance of counsel claim is based on § 5G1.3 rather than 18 U.S.C. § 3585(b), Federal Magistrate Judge Faircloth did not have an opportunity to evaluate this argument. Accordingly, the Recommendation is recommitted for further consideration.

**SO ORDERED**, this the 23rd day of June, 2006.

<u>**/s/ Hugh Lawson**</u>
**HUGH LAWSON, Judge**

scs